UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SONJA PENNELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03304-JRS-TAB |
| | ) | |
| LVNV FUNDING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER ON DISCOVERY DISPUTE**

The parties appeared by counsel on September 12, 2019, for a telephonic status conference to address multiple discovery disputes. The Court addresses each of the issues below.

1. Plaintiffs' Depositions:

Defendants request to depose each of the 34 individual Plaintiffs in this matter in order to challenge their allegations, consolidated discovery responses, and standing. Defendants are amenable to conducting the depositions in either Chicago, where Defendants' counsel is located, or Indianapolis, Plaintiffs' chosen venue. Plaintiffs object to Defendants deposing all 34 individuals, noting that many individual Plaintiffs face hardships due to age and/or disability that impact their ability to travel. Plaintiffs suggested deposing three individual Plaintiffs that Plaintiffs' counsel were aware could travel. The Court found that suggestion woefully inadequate.

The Court orders Defendants to present Plaintiffs' counsel with a list of 10 individual Plaintiffs they wish to depose. If Plaintiffs object to any of the individuals selected, they may obtain a medical certificate to show that individual's inability to travel or otherwise participate in

a deposition for health reasons. Such individual would then be removed from the list. Depositions may be scheduled in either Chicago or Indianapolis, at Plaintiffs' discretion. After the completion of these depositions, counsel should confer to address whether additional depositions may be appropriate. If counsel cannot in good faith resolve any resulting dispute, they may contact the Court for a conference with the Magistrate Judge.

    2. <u>Scope of LASPD Representation:</u>

Next, Defendants requested that Plaintiffs produce Plaintiffs' representation agreements with Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities ("LASPD") program. Plaintiffs' complaint alleges that each of the individual Plaintiffs retained the services of legal aid attorneys at LASPD regarding "Defendants' collection actions." [Filing No. 1, at ECF p. 4.] Defendants request production of LASPD's representation agreements with the individual Plaintiffs to examine the scope of representation provided by LASPD. Plaintiffs declined to produce the agreements, claiming there is already ample written evidence that LASPD represented each of the individual plaintiffs. Additionally, Plaintiffs argue that the agreements are subject to both the attorney-client and attorney work product privileges.

Plaintiffs rely on *Serrano v. Van Ru Credit Corp.*, 126 F. Supp. 3d 1005, 1009 (N.D. Ill. 2015). In *Serrano*, it was undisputed that defendant, a debt collection agency, received a fax from LASPD informing them that plaintiff refused to pay the disputed debt and that the debt collection agency should cease communications with plaintiff. *Id.* It was also undisputed that the defendant debt collection agency sent plaintiff a collection letter after receiving that fax. *Id.* Defendant argued that plaintiff "was never represented by an attorney within the meaning of the FDCPA because the wording of the fax indicated that LASPD only provided 'limited representation,' and . . . [p]laintiff did not speak to an attorney at the organization." *Id.* The

Northern District of Illinois found the fax constituted notice that plaintiff had attorney representation and that defendant had knowledge of this representation at the time it sent the collection letter. *Id.*

*Serrano*, while relevant, is not binding on this Court. Moreover, in the present matter, the scope of representation is not entirely clear and can easily be addressed by providing Defendants with redacted copies of the agreements. Thus, the Court orders Plaintiffs to produce redacted copies of just the scope of representation section of LASPD's representation agreements with Defendants. Plaintiffs shall provide the redacted documents within 21 days of the date of this order. If Plaintiffs withhold any such agreements (which should not be necessary in light of the redactions), Plaintiffs' production shall include a privilege log for any withheld documents.

    3. <u>Missing Verifications:</u>

As of the date of conference, one individual Plaintiff, Earnestine Jones, had failed to provide a verified interrogatory response. Plaintiffs had no objection to Jones providing verification for the consolidated interrogatories. Accordingly, Jones shall provide that verification within 21 days of the date of this order.

Defendants also noted that none of the 34 individual Plaintiffs has provided verifications for supplemental interrogatory responses. Plaintiffs did not believe additional verifications were necessary because the supplemental responses simply clarified original interrogatory responses but did not substantially change them. Plaintiffs' position is perhaps understandable, but Defendants are entitled to at least some minimal verification. Accordingly, Plaintiffs' counsel shall provide Defendants with a letter certifying, under Rule 11 of the Federal Rules of Civil Procedure, that the supplemental interrogatory responses are governed by the original

verifications. If Plaintiffs' counsel is unwilling with making such certification, then counsel shall provide individual verifications for all supplemental responses.

4. Damages Calculation:

Defendants asked Plaintiffs to explain the damages calculation that led all 34 individual Plaintiffs to claim $1,500 in actual damages. It is apparent that no mathematical calculation underlies this figure, but rather it represents an amount Plaintiffs believe reasonably represents their emotional distress damages. Accordingly, Plaintiffs need not further explain this calculation.

5. Asset Purchase Agreements:

Finally, Plaintiffs seek access to Defendants' forward flow receivables sales agreements and/or asset purchase agreements. Plaintiffs believe these documents are relevant to proving their claims. Defendants refused, arguing the agreements contain sensitive information. As the Court explained during the conference, the agreements are relevant and discoverable. However, Defendants may produce these agreements subject to a protective order and redact all information other than the "cease contact" or "attorney representation" notice or any language that discusses or explains the scope of buyer's right to undertake due diligence regarding purchases.

Date: 9/16/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

4