UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SONJA PENNELL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:18-cv-03304-JRS-TAB |
| | ) |
| LVNV FUNDING, LLC, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Vacating Previous Entry**

Thirty-two elderly and disabled Plaintiffs brought claims under 15 U.S.C. §§ 1692c(a)(2) and 1692c(c), two provisions of the Fair Debt Collection Practices Act ("FDCPA") that govern when a debt collector must cease communications with a debtor. In a previous order, this Court granted summary judgment in large part for Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent"), dismissing all claims except those brought by Sonja Pennell, for which the Court believed there remained genuine issues of material fact. (*See* ECF No. 86.)

Recently, the Seventh Circuit vacated and remanded a decision of this Court with instructions to dismiss for lack of jurisdiction. That case, *Pennell v. Global Trust Management, LLC*, No. 20-1524 (7th Cir. Mar. 11, 2021), also involved Pennell as the plaintiff and alleged violations of the same sections of the FDCPA as prosecuted here. The Seventh Circuit held that Pennell lacked standing under Arti-

1

cle III, as the only allegation in her complaint of injury by the defendant debt collector was that the defendant's dunning letter had caused "stress and confusion," which does not constitute a cognizable injury in fact. *Id.* ("The only injuries Pennell included in her complaint were stress and confusion, and those do not suffice for standing."); *see also Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 710 (7th Cir. 2021) (dismissing for lack of Article III standing where FDCPA plaintiff alleged only confusion); *Nettles v. Midland Funding LLC*, 983 F.3d 896, 900 (7th Cir. 2020) (dismissing for lack of Article III standing where only purported injury from FDCPA violation was plaintiff "becoming annoyed and consulting a lawyer"); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (bare procedural injury insufficient to satisfy injury-in-fact component of Article III standing).

At all stages of litigation, the Court has a continuing duty to examine its jurisdiction, including whether the plaintiff has satisfied the requirements of Article III standing. *See Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994). The relevant question is whether the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547. The only allegation in the complaint relevant to this inquiry is the following:

> Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiffs to question whether they were still represented by counsel as to these debts, which caused stress and confusion as to whether they were required to pay the debts at issue.

(Compl. ¶ 67, ECF No. 1.) Word for word, this allegation mirrors the allegation in *Pennell v. Global Trust Management, LLC* that the Seventh Circuit held was insufficient to support Article III standing. *See* Compl. ¶ 13, *Pennell v. Glob. Tr. Mgmt. LLC*, No. 118CV01698JRSDLP, 2019 WL 3945846 (S.D. Ind. June 5, 2018). As the Seventh Circuit explained, neither "confusion" nor "stress by itself with no physical manifestations" are enough to establish a concrete injury.

Supplemental briefing on Article III standing might be in order at this point. But given the Seventh Circuit's decision and the identity of the alleged injury in this case and in Pennell's prior case, the Court does not see how it can avoid finding here that none of the plaintiffs have established standing. The Court was without jurisdiction to issue its order on the cross-motions for summary judgment, (ECF No. 86), and that order is now **vacated**. The parties are invited to **show cause** why the case should not be dismissed for lack of jurisdiction, if they can, by **March 26, 2021**. Otherwise, the case will be so dismissed.

**SO ORDERED**.

Date: 3/12/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered parties via CM/ECF.