UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SONJA PENNELL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 1:18-cv-03304-JRS-MG |
| | ) |
| LVNV FUNDING, LLC, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Dismissing for Lack of Subject-Matter Jurisdiction**

In its order issued March 12, 2021, (Order Vacating Previous Entry, ECF No. 89), the Court found that Plaintiffs lacked Article III standing. Thus, the Court said that it lacks subject-matter jurisdiction over this controversy, and it vacated a previous order, (Order on Mots. For Summ. J., ECF No. 86), which would have granted summary judgment to Defendants except as to Plaintiff Sonja Pennell—but for the problem that the order issued *ultra vires*. The Court gave the parties until March 26, 2021, to show cause why the case should not be dismissed for lack of subject-matter jurisdiction.

Plaintiffs did not respond. The Court interprets Plaintiffs' silence as agreement that the case should be dismissed without prejudice for want of jurisdiction. Defendants, however, filed a memorandum urging the Court to incorporate the findings in its now-vacated summary-judgment order, (ECF No. 86), into any order of dismissal

for lack of jurisdiction. Defendants say vacatur of the summary-judgment order without incorporation would be highly prejudicial to Defendants, who have spent significant time and resources litigating this case.

"If a complaint fails to include enough allegations to support Article III standing for the plaintiffs, the court has only two options: it can either dismiss the complaint with leave to amend, or it can dismiss the case for want of jurisdiction and hence without prejudice." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019). The Court recognizes that vacating its summary-judgment order means stripping, in a sense, from Defendants a hard-fought victory: dismissal with prejudice of thirty-one Plaintiffs. But it would be improper to incorporate into an order dismissing for lack of jurisdiction previous findings as to those thirty-one Plaintiffs when the Court never had jurisdiction to make findings on the merits. *See T.W. and M.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) ("[W]hen a suit is dismissed for want of subject-matter jurisdiction . . . the court has no power to resolve the case on the merits even if the parties are content to have it do so . . . .").

Thus, the Court's hands are tied. Despite several of Defendants' suggestions to the contrary, the Court does not see how it can viably incorporate any part of the summary-judgment order into an order for dismissal for want of jurisdiction. The Court dismissed with prejudice twenty-nine Plaintiffs who had not proven the consumer-debt element of their Fair Debt Collection Practice Act claims. (*See* ECF No. 86 at 9–13.) The Court—mistakenly—chose to bypass the standing question raised

by Defendants in the summary-judgment briefing to rule on the consumer-debt element. Initially, it is unclear how Defendants are prejudiced by vacatur of the summary-judgment order as to these twenty-nine Plaintiffs when one of the grounds of relief they sought in their motion for summary judgment was precisely the ground of relief that the Court grants today—dismissal without prejudice for lack of Article III standing. The Court further dismissed with prejudice two other Plaintiffs whose putative attorneys, the Court thought, were engaged in the unauthorized practice of law. (*Id*. at 16–22.) Neither of Defendants' suggested methods of merging the two orders works. Obviously, the Court grappled with facts beyond the pleadings to reach its conclusions in the summary-judgment order. It would be inappropriate to import the consumer-debt or unauthorized-practice-of-law findings to an order based on lack of Article III standing, which turns exclusively on the content of a complaint. *See Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021) (limiting scope of Article III standing inquiry to allegations in complaint).

The Court sympathizes with Defendants, who may feel that the rug has been pulled out from under them. To respond to Defendants' alternative argument, (*see* ECF No. 91 at 7), the Court can at least say that, had Plaintiffs proven Article III standing, the Court would have entered judgment in favor of Defendants on all but Pennell's claims, as set forth in the Court's February 24, 2021 summary-judgment order, (ECF No. 86).

Otherwise, the Court reaffirms its previous finding that Plaintiffs have not established Article III standing. (*See generally* ECF No. 89.) The case is therefore **dismissed without prejudice for lack of subject-matter jurisdiction**. Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 4/12/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angie@philippslegal.com

Katherine M. Saldanha Olson
MESSER STRICKLER, LTD.
kolson@messerstrickler.com

Nicole Marie Strickler
MESSER STRICKLER, LTD.
nstrickler@messerstrickler.com

Stephanie A. Strickler
MESSER STRICKLER, LTD.
sstrickler@messerstrickler.com